UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD GLOBAL TECHNOLOGIES, LLC,

    Plaintiff,

v.

NEW WORLD INTERNATIONAL INC.,
AUTO LIGHTHOUSE PLUS LLC, and
UNITED COMMERCE CENTERS, INC.,

    Defendants.

Case No. 2:15-cv-10394
Honorable Laurie J. Michelson

**OPINION AND ORDER
DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [65]**

In a prior opinion and order, this Court concluded that it could, consistent with due process, exercise personal jurisdiction over all claims against all Defendants in this action. *See generally Ford Global Techs., LLC v. New World Int'l Inc.*, No. 2:15-CV-10394, 2016 WL 3349041 (E.D. Mich. June 16, 2016).

Defendants now ask the Court to reconsider that conclusion. (R. 65.) In its prior opinion, this Court found that Ford's claims of patent infringement "arise out of or relate to" Auto Lighthouse's 15,000 or so sales of auto parts to Michigan residents even though these parts (save about 20) were not accused of infringing Ford's patents. *See Ford Global*, 2016 WL 3349041, at *5–7. Defendants say that this was "a clear error of law." (R. 65, PID 3549); *see also* E.D. Mich. LR 7.1(h)(3) (stating that, generally, a party seeking reconsideration must "demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled").

None of Defendants' arguments demonstrate clear error. Defendants first imply that this Court erred in relying on *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324 (Fed. Cir. 2008). (*See* R. 65, PID 3549.) In *Avocent*, the Federal Circuit acknowledged the rule that a patentee's efforts to enforce a patent in the forum—including the patentee's efforts to enforce the patent against entities *unrelated* to the lawsuit—were contacts that supported requiring the patentee to defend a declaratory-judgment action in the forum. 552 F.3d at 1337. This Court found this statement of law relevant because it showed that the Federal Circuit thought that a declaratory-judgment plaintiff's claims arose out of or related to the patentee's enforcement efforts—even if those efforts were not against the declaratory-judgment plaintiff and thus did not give rise to the plaintiff's claims. *Ford Global*, 2016 WL 3349041, at *6. Defendants argue that it was improper for the Court to analogize Auto Lighthouse's sale of non-infringing products to non-parties. (*See* R. 65, PID 3549–50.) The proper analogy, say Defendants, would be if *Avocent* found that a patentee's attempt to enforce a *patent* unrelated to the declaratory-judgment action supported personal jurisdiction. (*See id.*) In other words, Defendants say that its sales of *products* not accused of infringement is comparable to the assertion of a *patent* not in suit. (*See id.*) But, say Defendants, that was not the rule *Avocent* recognized. (*See id.*)

Even assuming Defendants' analogy is closer than the one Court drew, the Court's was far from clear error. As explained in the prior opinion, *Avocent* shows that the Federal Circuit understands the phrase "arise out of or relate to" as including contacts that do not give rise to the claims in the lawsuit (obviously, the patentee's efforts to enforce the patent against entities not party to the lawsuit could not have given the declaratory-judgment plaintiff a cause of action). *See Ford Global*, 2016 WL 3349041, at *6. In this way, the Court's analogy of unrelated parties to Auto Lighthouse's sale of products not accused of infringement was sound.

Moreover, this was not even the primary manner in which this Court relied on *Avocent*. Instead, that case was primarily cited for this proposition: that the Federal Circuit's "'own interpretation of the 'arise out of or related to' language is far more permissive than either the 'proximate cause' or the 'but for' analyses'" used by other Courts of Appeal. *Ford Global*, 2016 WL 3349041, at *6 (quoting *Avocent*, 552 F.3d at 1337). Defendants' attempt to distinguish *Avocent* on its facts does not show that the Court erred in relying on this clear statement of law.

Defendants make a similar argument in asserting that this Court erred in relying on *Inamed Corp. v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2001). But the only manner in which this Court cited *Inamed* was this: "in accord with [its] broad understanding of the 'arises out of or relates to' requirement, the Federal Circuit has also stated, 'it is significant that the constitutional catch-phrase is disjunctive in nature, indicating an added flexibility and signaling a relaxation of the applicable standard from a pure "arise out of" standard.'" *Ford Global*, 2016 WL 3349041, at *6 (quoting *Inamed*, 249 F.3d at 1362); *see also id.* at *7. As the Court relied on *Inamed*'s statement of Federal Circuit law, Defendants' attempt to factually distinguish that case does not demonstrate that this Court clearly erred.

Finally, Defendants take issue with this Court concluding that *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010), was more instructive on the arises-out-of-or-relates-to question than the two cases Defendants cited, *Canplas Indus., Ltd. v. InterVac Design Corp.*, No. 1:13 CV 1565, 2013 WL 6211989 (N.D. Ohio Nov. 22, 2013), and *Round Rock Research LLC v. ASUSTeK Computer Inc.*, 967 F. Supp. 2d 969 (D. Del. 2013). In particular, Defendants point out that *Chloé* was a trademark case while the two cases it cited were patent cases. (R. 65, PID 3549, 3550.) Defendants also point out that the Second Circuit in *Chloé* never explained why it found that Chloé's claims of infringement arose out of or related to the

3

defendants' sales of products that did not infringe Chloé's marks. (R. 65, PID 3552.) And, if there were a reason, Defendants surmise it to be unique to trademark law. (R. 65, PID 3555.) "In short," say Defendants, "there is no rationale or legal analysis in *Chloé* that is applicable to specific personal jurisdiction in a patent case governed by Federal Circuit law and reliance by this Court on *Chloé* was clear error." (R. 65, PID 3555.)

Defendants' arguments about *Chloé*, *Canplas*, and *Round Rock* do not demonstrate that this Court clearly erred. For one, in rendering its initial opinion, the Court was well aware of the obvious fact that *Chloé* was a trademark case and *Canplas* and *Round Rock* were patent cases. The Court did not find the distinction particularly relevant, however, because the issue was whether a defendant's sales of non-infringing goods in a forum could give rise to or relate to a plaintiff's claims of infringement. Second, for all of *Chloé*'s alleged shortcomings, Defendants say nothing about this Court's explanation that *Canplas* and *Round Rock* were off-point or lacked a solid rationale. *Ford Global*, 2016 WL 3349041, at *7 ("*Canplas* involved an analysis under Ohio's long-arm statute, not the Due Process Clause; further the court simply pointed out that the plaintiff had failed to cite any authority to back its claim (if only the plaintiff had known about *Chloé*). As for *Round Rock*, the court there cited no authority to back its statement about the relevant contacts."). Finally, Defendants are unable to say why, as this Court previously reasoned, *Chloé* is not more consistent with Federal Circuit precedent than *Canplas* and *Round Rock*. *Ford Global*, 2016 WL 3349041, at *7 ("[M]ore importantly, *Chloé* is more consistent with the Federal Circuit's interpretation of the phrase 'arises out of or relates to.' As explained, the Federal Circuit has suggested that 'relates to' is to be accorded meaning apart from 'arises out of,' *Inamed*, 249 F.3d at 1362, and has stated that its interpretation of the required tie

between contact and claim is 'far more permissive than either the "proximate cause" or the "but for" analyses,' *Avocent*, 552 F.3d at 1337.").

For the forgoing reasons, the Court does not find that it clearly erred in concluding that Auto Lighthouse's sale of 15,000 or so auto parts to Michigan residents gave rise to or relate to Ford's claims of patent infringement. As such, Defendants' motion for reconsideration is DENIED.

SO ORDERED.

                                               s/Laurie J. Michelson
                                               LAURIE J. MICHELSON
                                               UNITED STATES DISTRICT JUDGE

Dated:  July 19, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 19, 2016.

                                               s/Jane Johnson
                                               Case Manager to
                                               Honorable Laurie J. Michelson