**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **FORD GLOBAL TECHNOLOGIES, LLC,**<br><br>     Plaintiff,<br><br>v.<br><br>**NEW WORLD INTERNATIONAL, INC.,**<br>**AUTO LIGHTHOUSE PLUS, LLC and**<br>**UNITED COMMERCE CENTERS, INC.,**<br><br>     Defendants. | **Case No. 3:17-cv-03201-N** |

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO REFILE THEIR SUMMARY JUDGMENT BRIEF ON FUNCTIONALITY AND EXHAUSTION (DN 168)



## I.     INTRODUCTION

Good cause does not exist for Defendants to re-file its withdrawn summary judgment motion.  Defendants sought and received an early deadline (October 31, 2016) to file a motion for summary judgment on their functionality and exhaustion defenses, because Defendants wanted to create new law that would render all design patents on automotive components invalid and unenforceable.  After Defendants filed their motion, they reversed strategy and withdrew it.  Now Defendants want to reverse again, moving to re-file the motion they previously filed and then withdrew.  Based on Defendants' history of reversals, they cannot establish good cause for re-filing their motion and, in any event, they are time barred by the Scheduling Order from doing so.

## II.     RELEVANT PROCEDURAL HISTORY

The Automotive Body Parts Association ("ABPA") – through its member, Defendant New World International, Inc. ("NWI") and sharing the same counsel – began this dispute when it filed a declaratory judgment action with a goal of creating new law on the defenses of functionality and patent exhaustion. Based on novel legal theories, ABPA and Defendants contend these defenses invalidate and render unenforceable *all* design patents on components of larger articles.[1]  In other words, Defendants assert that a design patent on a unique grille design is not valid *if* a production vehicle uses that grille.  Defendants have no legal support for these unconventional theories, which would eviscerate thousands of U.S. design patents that cover a part of a larger product.[2]

---

[1] The Supreme Court put to rest any general attack on the patentability of the design of components: "The term 'article of manufacture,' as used in § 289, . . . is broad enough to encompass both a product sold to a consumer as well as a component of that product. . . . That a component may be integrated into a larger product, in other words, does not put it outside the category of articles of manufacture." *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434–35 (2016).

[2] In 2006, the International Trade Commission (ITC) rejected the functionality and exhaustion defenses raised by other ABPA members.  *See* DN 99, Ex. 32 and 33, ITC Rulings.



### A. ABPA and Defendants Both Seek a Summary Judgment Ruling on Functionality and Exhaustion

During discussions about a scheduling order with Judge Michelson in ED Michigan, ABPA and Defendants pressed for an early deadline for filing a summary judgment motion on their functionality and exhaustion defenses.[3] By design, the Defendants' deadline matched the deadline in the related *ABPA v. FGTL* lawsuit. (DN 76.) The agreed schedule set an October 31, 2016 deadline for the early summary judgment motion on these defenses. Defendants pushed for and *agreed* to this scheduled deadline.

| Deadline for Defendants to File Summary Judgment Motion on Functionality and Exhaustion Defenses | To be concurrent with ABPA deadline for same motion | 10/31/16 |
|---|---|---|

(DN 76, Scheduling and Case Management Order at 2.)

### B. Defendants Made a Strategic Decision to Pursue Summary Judgment on Functionality and Exhaustion in *Only* the ABPA Lawsuit

On October 31, 2016, the ABPA filed a motion on the two design patents at issue in the related lawsuit. In this case, Defendants filed only a short motion/brief incorporating the papers in the ABPA lawsuit. (DN 77.) Defendants later withdrew their motion in this case, purportedly to enhance their efforts to remove the case from Michigan. (DN 85.) Defendants decided not to comply with the scheduled deadline which they pushed for and to which they expressly agreed.

---

[3] Specifically, Defendants stated: "Defendants believe that the most important defenses that should be addressed early on by this Court are functionality and patent exhaustion. . . . It is appropriate to bifurcate the discovery process in this case because the defenses of functionality and patent exhaustion will not require a great deal of discovery and these are defenses that can potentially render invalid and unenforceable all of FGTL's designs patents on automotive body repair parts." DN68, p. 11-12 and 13-15. After discussion at the Scheduling Conference, the Court did not bifurcate discovery but built time into the schedule for the early motion that Defendants then wanted to file.



The ABPA, however, did not withdraw its summary judgment motion. Its fully-briefed motion remains pending in the *ABPA v. FGTL* lawsuit. As acknowledged by Defendants, the ABPA lawsuit is currently subject to a motion to dismiss for lack of declaratory judgment standing. (DN 168 at 4.) At the time, Defendants were content in only the ABPA pursuing these defenses at summary judgment.

### C. FGTL – Not the Defendants – Acted to Ensure a Ruling on Functionality and Exhaustion in the Present Lawsuit

When Defendants' withdrew their summary judgment motion, FGTL "moved for summary judgment on the same two issues on February 2, 2017. (Doc. 99)." (DN 168 at 2.) This motion on the issues of functionality and exhaustion is ripe for resolution. There is no purpose in cluttering the record with another motion on the same issues. Defendants' motion merely references their summary judgment briefing in the related *ABPA v. FGTL* case still pending in E.D. Michigan. To the extent that the Court would find it helpful, FGTL has no objection to the Court considering the briefs of both parties from Case No. 2:15-cv-10137 (ED Mich.).

### III. GOOD CAUSE DOES NOT EXIST TO RE-FILE A SUMMARY JUDGMENT MOTION THAT WAS STRATEGICALLY WITHDRAWN BY DEFENDANTS

Defendants have not shown good cause required for re-filing their motion for summary judgment. Fed. R. Civ. P. 16(b)(4). For strategic reasons, Defendants sought an early summary judgment deadline and filed on that deadline. (DN 76, 77.) For strategic reasons, they reversed field and withdrew their motion. They have no good cause for another strategic reversal. They had to, but chose not to, follow the early summary judgment deadline they sought. *Space Maker Designs, Inc. v. Weldon F. Stump & Co.,* 2003 WL 21251743, at *1 (N.D. Tex. March 28, 2003) (no "good cause" where movant "must have been aware" of asserted grounds for summary judgment motion before the summary judgment deadline set by the court order).



Defendants claim that their decision to withdraw the motion was based on an alleged concern over venue waiver.[4] Yet, that concern did not prevent Defendants from requesting, pursuing and agreeing to the Scheduling Order – including the deadline in October 2016 for the motion that Defendants are now asking the Court to excuse. (ND 76 and 110). That concern did not prevent Defendants from filing a Motion for Claim Construction. (DN 144.)

Defendants were the ones that requested the early summary judgment and separate claim construction process – and jointly signed the deadlines submitted to the Court.[5] The issues of functionality and exhaustion will be addressed by the Court.[6] The Court should reject Defendants' attempt to ignore the schedule.[7] Court-ordered deadlines are not optional.

---

[4] Defendants withdrew the motion because the ABPA motion was pending, enabling Defendants to have two bites at the same apple by filing a second summary judgment on the same issues upon a denial of the ABPA motion. (*See* DN 94, p. 4, fn 6.) Furthermore, as previously explained, "the ABPA position on functionality is directly at odds with the non-infringement position of Defendants," where the functionality theory requires that the commercial parts (admittedly copied by Defendants) match the patent drawings. (*See* DN 68, p. 13.)

[5] Notably, without a determination that *TC Heartland* was an intervening change in law, Defendants had already overtly waived any objection to venue under Rule 12. Defendants had not raised a venue objection in the first responsive pleading which results in waiver. (DN 154 at 9.) Defendants waiver was irrelevant because the ED Michigan found *TC Heartland* to be a change in the law, and therefore, Defendants' waiver was ineffective. (*Id*. at 19.)

[6] Defendants' proposed re-filing of its motion would not add anything to this case. As Defendants acknowledge: "Plaintiff's motion for summary judgment on the issues of functionality and patent exhaustion still is pending." (DN 168 at 2.) Because FGTL filed a summary judgment motion on these exact issues, the Court can address Defendants' novel legal theories at summary judgment as it sees fit. To the extent Defendants request and the Court believes that existing papers in the related *ABPA v. FGTL* lawsuit are helpful for consideration of these issues in this case, FGTL has no objection to the Court considering the exhibits attached to Defendants' present motion (DN 168) in deciding FGTL's fully briefed motion, so long as the Court also considers FGTL's counterpart filings in the ABPA lawsuit. (Ex. A, ABPA Case, DN 46; also Ex. B, DN 108 at Ex. 46, DN 112 and DN 113.)

[7] Further, the cases Defendants cite regarding concerns about waiving a venue challenge do not apply here, because Defendants moved to dismiss *or transfer*. (DN 118.) Dismissal would have negated the progress made in Michigan, but, by asking the Michigan court to transfer to this Court, Defendants knew that a transferred case continues from the point transferred. Defendants told the Michigan court that orders in a case transferred for improper venue would continue to be effective but may be subject to reconsideration by the transferee court. (DN 88 at 2.)



4

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to re-file their early filed and then deliberately dismissed motion for summary judgment on their functionality and exhaustion defenses.

Date: <u>January 23, 2018</u>

Respectfully submitted,

 /s/ Linda D. Mettes
Frank A. Angileri (P45611MI - *Pro Hac Vice*)
Marc Lorelli (P63156MI – *Pro Hac Vice*)
Linda D. Mettes (P69182MI - *Pro Hac Vice*)
Amy C. Leshan (P69328MI - *Pro Hac Vice*)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI  48075
Telephone: (248) 358-4400 / Fax: (248) 358-3351
Email:    fangileri@brookskushman.com
              mlorelli@brookskushman.com
              lmettes@brookskushman.com
              aleshan@brookskushman.com

Clyde M. Siebman
Texas State Bar No. 18341600
Stephanie R. Barnes
Texas State Bar No. 24045696
**SIEBMAN, BURG, PHILLIPS & SMITH, L.L.P**.
Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090
Telephone:  (903) 870-0070 / Fax:  (903) 870-0066
Email:    clydesiebman@siebman.com
              stephaniebarnes@siebman.com

Elvin E. Smith, III
**LAW OFFICES OF ELVIN E. SMITH III PLLC**
307 Dartbrook Dr.
Rockwall, TX 75087
(972) 722-3332
Email:    esmith@eeslaw.com

*Attorneys for Ford Global Technologies*



## **CERTIFICATE OF ELECTRONIC SERVICE**

On January 23, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

**BROOKS KUSHMAN P.C.**

 /s/ Linda D. Mettes

