IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FORD GLOBAL TECHNOLOGIES, LLC, §
　　　　　　　　　　　　　　　　　§
　　　Plaintiff,　　　　　　　　 §
　　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　　§　　　Civil Action No. 3:17-CV-3201-N
　　　　　　　　　　　　　　　　　§
NEW WORLD INTERNATIONAL, INC., §
*et al.*,　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　Defendants.　　　　　　　　§

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Ford Global Technologies, LLC's ("FGTL") Motion for Partial Summary Judgment [227] and Defendants New World International, Inc., Auto Lighthouse Plus, LLC, and United Commerce Centers, Inc.'s (collectively, "New World") Motion for Summary Judgment [215]. For the reasons set forth below, the Court grants FGTL's motion and denies New World's motion.

## I. ORIGINS OF THE DISPUTE

FGTL filed this action alleging that New World infringes a total of thirteen (13) design patents. The Complaints were originally filed on January 29, 2015 in the Eastern District of Michigan. But the case was transferred to this Court in light of the Supreme Court ruling in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). FGTL alleges that New World has infringed and is infringing each of the thirteen design patents in violation of 35 U.S.C. § 271. FGTL is a subsidiary of Ford Motor Company

MEMORANDUM OPINION AND ORDER – PAGE 1

("Ford"); and FGTL owns and manages the intellectual property of Ford. New World is a distributor and marketer of aftermarket automotive parts and accessories. FGTL brought suit against New World for selling and offering for sale aftermarket parts copied from Ford's original equipment designs, which FGTL alleges are covered by the thirteen design patents.

FGTL filed a motion for partial summary judgment on the issue of infringement alleging that there is no genuine issue of material fact that New World's products: (1) are identical to Ford's patented parts; (2) are substantially the same as the claimed design; (3) include the visually dominant aspects of the claimed designs as described by the experts; and (4) include the aspects of the claimed design that differ from the prior art. New World also filed a motion for summary for judgment on the issues of damages, patent invalidity, unenforceability, and noninfringement.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, she "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [her] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in her favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

## B. Design Patent Infringement Standard

A design patent is infringed if an ordinary observer, when comparing the two designs in context of the prior art, would think that the accused design is substantially the same as the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir.

2008) (*en banc*). The test considers "both the perspective of the ordinary observer and the particular novelty in the claimed design." *Id*. at 671. In *Egyptian Goddess*, the Federal Circuit discussed novelty, explaining that "when the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art." *Id*. But even so, "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (quoting *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993)).

### III. THE COURT GRANTS FGTL'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF INFRINGEMENT

#### A. FGTL's Asserted Patents

In its motion, FGTL alleges that New World's aftermarket parts are substantially the same as, and therefore infringe, the following thirteen design patents: (1) U.S. Patent No. D493,552 (Ford's 2004 F-150 Headlamp); (2) U.S. Patent No. D496,890 (Ford's 2004 F-150 Grille); (3) U.S. Patent No. D493,753 (Ford's 2004 F-150 Hood); (4) U.S. Patent No. D496,615 (Ford's 2004 F-150 Side Mirror); (5) U.S. Patent No. D498,444 (Ford's 2005 Mustang Front Fascia); (6) U.S. Patent No. D501,162 (Ford's 2005 Mustang GT Front Fascia); (7) U.S. Patent No. D510,551 (Ford's 2005 Mustang Hood); (8) U.S. Patent No. D508,223 (Ford's 2005 Mustang Front Fender); (9) U.S. Patent No. D500,717 (Ford's 2005 Mustang Side Mirror); (10) U.S. Patent No. D539,448 (Ford's 2005 Mustang Taillamp); (11)

U.S. Patent No. D582,065 (Ford's 2005 Mustang Headlamp); (12) U.S. Patent No. D500,969 (Ford's 2005 Mustang Rear Fascia); and (13) U.S. Patent No. D500,970 (Ford's 2005 Mustang GT Rear Fascia).

### B. New World's Accused Parts Are Identical to Ford's Parts

New World admits that its aftermarket parts are created by computer scanning original equipment manufacturer ("OEM") Ford parts to create identical replicas for sale. New World's Resp. at 2 [270]; Kaucher Tr. at 210:4–211:3 [236-1]; Pl.'s App. 3, 4: J. Tsai Dep. at 48:18–49:3 [228-1]; Pl.'s App. 7, 8: J. Tsai Dep. at 27:15–20, 61:8–62:3, 63:8–15 [229-3]. It is therefore undisputed that New World's accused parts are copies of Ford's OEM parts. The parties, however, dispute whether FGTL's claimed design patents are substantially the same as Ford's OEM parts and thus New World's aftermarket parts.

### C. FGTL's Design Patents Are Substantially the Same Design as Ford's Parts

FGTL alleges that there is no genuine issue of material fact that FGTL's design patents are substantially the same as Ford's parts. The Court agrees. New World's expert Keith Kaucher admitted that Ford's commercial products are "substantially the same" as FGTL's asserted design patents. During his deposition, FGTL's counsel asked if Mr. Kaucher agreed "that Ford's products and the claim[ed] designs are substantially the same?" Kaucher Tr. at 279:13–18 [236-1]. Kaucher responded, "yes." *Id*.

New World attempts to raise a genuine issue by declaration, alleging that Mr. Kaucher was confused when answering multiple questions involving "substantial similarity." New World's Resp. at 3, 4, 5. For example, when Mr. Kaucher was asked another question

regarding whether FGTL's design patents are "substantially the same" as the accused

products – which are admittedly identical to Ford's parts – Mr. Kaucher also answered yes.

Kaucher Tr. at 228:18–229:21 [236-1]. And again, when FGTL's counsel asked Mr.

Kaucher whether the accused products are "virtually identical" to the design patents, Mr.

Kaucher responded, "I said they could be, yes." *Id.* New World's argument that Mr.

Kaucher was "confused" is unpersuasive; FGTL's questions are clear and straightforward.

The Court therefore rejects New World's attempt to raise a fact issue by filing a declaration

that fundamentally changes Mr. Kaucher's explicit deposition testimony. *See*, *e.g.*, *Powell

v. Dallas Morning News L.P.*, 776 F. Supp. 2d 240, 247 (N.D. Tex. 2011), *aff'd*, 486 F.

App'x 469 (5th Cir. 2012); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir.

1996).

Accordingly, the Court finds that there is no genuine issue of material fact that

FGTL's design patents are substantially the same as Ford's parts.

### D. FGTL's Design Patents Are Substantially the Same Design as the Accused Parts

FGTL's design patents are also substantially the same as New World's accused

products. A simple side-by-side comparison of New World's products and Ford's claimed

designs confirms that New World's products are substantially the same as FGTL's claimed

designs. *See* Pl.'s Mot. at 5–34. And New World did not dispute the accuracy of FGTL's

side-by-side comparisons. Moreover, when asked whether the design of the accused

products is substantially the same as FGTL's claimed designs, Mr. Kaucher answered yes.

Kaucher Tr. at 228:18–229:21 [236-1]. And when asked whether Mr. Kaucher believes that

the accused products are "virtually identical" to the design patents in suit, Mr. Kaucher responded "I said they could be, yes." *Id*. Finally, Mr. Kaucher agreed that the design features, outlined by FGTL's expert Brian Baker, appear in both the design patents and the accused products. *Id*. at 267:17–20. Accordingly, the Court finds that there is no genuine issue of material fact that New World's accused parts are substantially the same as FGTL's claimed design.

New World's accused parts also include the visually dominant aspects of the claimed design and include the aspects of the claimed design that differ from the prior art. Mr. Kaucher admitted that the inventors created designs for the 2004 F-150 and 2005 Mustang with "new and fantastic" designs that are "ornamentally different" from the prior art. *Id*. at 286:16–287:8. Mr. Kaucher further admits that even though the prior art is crowded, the key visual impact items of FGTL's design patents are not in the prior art. *Id*. at 285:1–5, 286:16–287:8. And when discussing whether New World's accused products include the ornamental design features of FGTL's design patents, Mr. Kaucher agreed that the accused products do include the ornamental design features of FGTL's design patents. *Id*. at 276:4–11, 292:5–10. The Court therefore finds that there is no genuine issue of material fact that New World's accused parts include the visually dominant aspects of the claimed design as described by the experts and also include the aspects of the claimed design that differ from the prior art. Accordingly, the Court grants FGTL's motion for partial summary judgment on infringement.

## IV. THE COURT DENIES NEW WORLD'S MOTION FOR SUMMARY JUDGMENT

New World moves for summary judgment on damages, patent invalidity, unenforceability, and noninfringement. The Court denies New World's motion.

### A. *Fact Issues Exist Regarding When FGTL Provided Actual Notice*

New World alleges that FGTL's damages, if any, are limited to after FGTL provided actual notice of infringement. The parties primarily dispute whether FGTL provided actual notice in its September 28, 2011 letter from Damian Porcari of FGTL to Peter Tsai of New World. New World alleges that the letter does not provide notice because it does not make a specific charge of infringement of an identified patent by a specific part. New World's Brief in Supp. at 4 [238].

Notice is a question of fact for the jury. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). In response, FGTL alleges that for each of the thirteen asserted patents, the September 2011 letter identified the patent, described the covered products in words, and identified an infringing aftermarket part number, with at least one specific product identified by Partslink number.[1] Pl.'s Resp. at 5 [265]. The Court finds that FGTL raises fact issues regarding whether it provided actual notice of infringement in its September 28, 2011 letter to New World.

---

[1] Partslink is a universal numbering system for identification of aftermarket collision replacement parts.

## B. *Underlying Fact Issues Exist Regarding Willful Infringement*

New World alleges that FGTL cannot prove willful infringement because New World subjectively believed that FGTL's patents were invalid and unenforceable. New World further contends that its good faith subjective belief precludes a finding of willful infringement. In *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016), the Supreme Court abrogated the Federal Circuit's rigid, two-part test for enhanced damages under 35 U.S.C. § 284. The Supreme Court held that a threshold requirement of objective recklessness prevented district courts from punishing "many of the most culpable offenders . . . ." *Id.* The Court noted that "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Id.* at 1933. And while *Halo* states that section 284 allows district courts to punish the full range of culpable behavior, the issue of willfulness still involves underlying factual components that should be resolved by the jury. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("We do not interpret *Halo* as changing the established law that the factual components of the willfulness question should be resolved by the jury.").

FGTL alleges that New World engaged in a company-wide effort to conceal evidence of infringement and was aware that the industry recognized and honored FGTL's design patents. Pl.'s Resp. at 13. FGTL further avers that New World falsely advised FGTL that it would honor FGTL's design patents and that New World continued to infringe even after receiving FGTL's September 2011 cease and desist letter. Here, FGTL has raised factual

issues regarding the culpability of New World's behavior. The Court therefore denies New World's motion for summary judgment on the issue of willfulness.

### C. New World Fails to Show Indefiniteness by Clear and Convincing Evidence

New World next argues that summary judgment is appropriate on the issue of indefiniteness. A patent is invalid for indefiniteness if "its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 134 S. Ct. 2120, 2124 (2014). Because indefiniteness renders a claim invalid, it must be proved by clear and convincing evidence to overcome the presumption of validity. *See Halliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008). The definiteness requirement ensures patent claims are clear enough to give notice to potential competitors.

New World does not present clear and convincing evidence to overcome the validity presumption. New World first argues that an opinion of a designer of ordinary skill is not needed due to the simplicity of the drawings, the clear inconsistencies between the drawing figures, and the clear inconsistencies between the drawing figures and the written specifications. Nevertheless, New World cites to the entirety of Mr. Kaucher's 70-page expert report on indefiniteness to support its invalidity defense.

FGTL's drawings are not indefinite. Mr. Kaucher, in his separate report on infringement, argues for noninfringement by comparing the asserted design patents to the accused products. New World's App. at 130–142 [240]. The Court finds that Mr. Kaucher's

ability to make comparisons based on the design patents undercuts New World's argument that the drawings are indefinite.[2] To show indefiniteness, Mr. Kaucher points out inconsistencies among the drawings in his expert report. But mere inconsistences among patent drawings do not invalidate a design patent. *Ex Parte Asano*, 201 U.S.P.Q. 315, 317 (B.P.A.I. 1978) ("Mechanical drawing errors and inconsistencies between the figures of the drawing, which do not preclude the overall understanding of the drawing as a whole are an insufficient basis for holding the design both indefinite and insufficiently disclosed under 35 U.S.C. § 112."); *see also Antonious v. Spalding & Evenflo Cos.*, 1999 WL 777450, at *8 (Fed. Cir. 1999); *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, 2016 WL 7017219, at *3–5 (C.D. Cal. Dec. 1, 2016). Any alleged inconsistencies do not preclude the overall understanding of the drawings. Accordingly, the Court finds New World's arguments unpersuasive and therefore denies New World's motion for summary judgment on the issue of indefiniteness.

Additionally, because the Court grants FGTL's motion for summary judgment on the issue of infringement, the Court denies New World's motion for summary judgment on the same issue. And in accordance with its prior Order [202], the Court denies New World's renewed motion for summary judgment on the issues of functionality and patent exhaustion.

New World, however, raises an additional reason for why it believes summary

---

[2] Indeed, New World acknowledges that it is not possible to argue prior art invalidity of a design patent if the scope of the design is unclear. And while New World does not argue prior art invalidity, it does argue noninfringement, i.e., that the accused designs will not infringe under the ordinary observer test

judgment is appropriate on the issue of patent exhaustion.  In a separate case, FGTL offered New World a covenant not to sue on two patents that are not at issue in this case.  New World claims that because the other patents are "closely related" to D493,552 and D493,753 (asserted here), the patent exhaustion doctrine applies.  The Court disagrees.  The covenant FGTL offered expressly prohibits New World's present argument, and the litigation New World refers to was not resolved based on that covenant, nor was any consideration exchanged for the covenant.

### CONCLUSION

The Court therefore grants FGTL's motion for partial summary judgment on the issue of infringement, establishing liability in FGTL's favor.  The Court denies New World's motion for summary judgment on the issues of damages, patent invalidity, unenforceability, and noninfringement.

Signed November 5, 2018.

David C. Godbey
United States District Judge