

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 6 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

FORD GLOBAL TECHNOLOGIES, LLC, §
§
    Plaintiff, §
§
v. §
§
NEW WORLD INT'L, INC., *et al.*, §
§
    Defendants. §

Civil Action No. 3:17-CV-3201-N

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

COURT'S CHARGE – PAGE 1

The testimony of the witnesses, the exhibits introduced by the parties, any stipulations of fact, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven, constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

Do not let bias, prejudice or sympathy play any part in your deliberations. This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. The law does not give special treatment to any person. All persons, including corporations or limited liability companies, are equal before the law and must be treated as equals in a court of justice.

Unless otherwise instructed, Plaintiff has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of a claim by a preponderance of the evidence, then it may not recover on that claim.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means the evidence must persuade you that the claim or defense is highly probable. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You are the sole judges of the credibility or believability of each witness and the weight or significance to be given to the witness's testimony. In weighing the testimony of a witness, you should consider: the witness's relationship to a particular party; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the

witness's testimony has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness, in whole or in part.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, a witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the

evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, it is your exclusive right to give the testimony of that witness whatever credibility or weight, if any, as you think it deserves.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Remember that the lawyers' statements, objections, or arguments – whether made during the trial or during their opening and closing statements – are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. However, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If a lawyer's question assumes that some fact is true and the witness did not agree

with that assumption, the question itself is not evidence that the assumed fact is true. You should not consider or be influenced by the fact that during the trial of this case, counsel have made objections to the testimony, as it is their duty to do so, and it is my duty to rule on those objections in accordance with the law.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

The acts of a business entity include the acts of its employees or agents within the scope of their employment or agency.

"Ford" means Plaintiff Ford Global Technologies, LLC

"New World" means Defendant New World International, Inc.

QUESTION NO. 1:

Are the following design patents invalid due to indefiniteness?

Answer "yes" or"no":

a.      Patent No. D493,552 titled "Vehicle Headlamp"

_____NO_____

b.      Patent No. D496,890 titled: "Vehicle Grill"

_____NO_____

c.      Patent No. D493,753 titled: "Exterior of Vehicle Hood"

_____NO_____

d.      Patent No. D496,615 titled: "Vehicle Side View Mirror"

_____NO_____

e.      Patent No. D498,444 titled: "Front Bumper Fascia"

_____NO_____

f.      Patent No. D501,162 titled: "Front Bumper Fascia"

_____NO_____

g.      Patent No. D510,551 titled: "Hood"

_____NO_____

h.      Patent No. D508,223 titled: "Fender"

_____NO_____

i.      Patent No. D500,717 titled: "Sideview Mirror"

_____No_____

COURT'S CHARGE – PAGE 7

j.      Patent No. D539,448 titled: "Vehicle Taillamp"

NO

k.      Patent No. D582,065 titled: "Headlamp"

NO

l.      Patent No. D500,969 titled: "Rear Bumper Fascia"

No

m.      Patent No. D500,970 titled: "Rear Bumper Fascia"

No

INSTRUCTIONS FOR QUESTION NO. 1:

The patent laws have requirements for the way in which patent claims are written. The design patent claims which are found in the drawings and any written description thereof, must be sufficiently clear that a designer of ordinary skill in the art reading them is able to determine what the design looks like. If a design patent's drawings do not meet this requirement, then the claim is said to be indefinite, and the claim is invalid.

The amount of detail required for a claim to be definite depends on the particular design, the prior art, and the description of the drawings contained in the patent. Design patent drawings, when read along with the rest of the description of the drawings must inform, with reasonable certainty, those skilled in the art about the scope of the invention. Simply because the drawings may not be precise does not automatically mean the claim is indefinite. There is a presumption of validity and the fact that the examiner issued the patent implies that the examiner did not consider the drawings unclear.

COURT'S CHARGE – PAGE 8

"Ordinary skill in the art" means the level of experience, education, and/or training that those individuals who worked in the area of the design ordinarily possessed at the time of the effective filing date of the patent application.

Prior art is not art as one might generally understand the word art. Rather, prior art is a technical term relating to patents. In general, it includes things that existed before the claimed design and might typically be a patent or a printed publication.

New World has the burden of proving invalidity by clear and convincing evidence.

Again, you should base your decision on all of the evidence, regardless of which party presented it.

If your answer to Question No. 1 is "no" for any design patent, then answer the following question for each such design patent. Otherwise do not answer the following question.

QUESTION NO. 2:

Was New World's infringement of the following design patents willful? Answer "yes" or "no" for each design patent that you found was not invalid in response to Question No. 1:

a. Patent No. D493,552 titled "Vehicle Headlamp"

_____Yes_____

b. Patent No. D496,890 titled: "Vehicle Grill"

_____Yes_____

c. Patent No. D493,753 titled: "Exterior of Vehicle Hood"

_____Yes_____

d. Patent No. D496,615 titled: "Vehicle Side View Mirror"

_____Yes_____

e. Patent No. D498,444 titled: "Front Bumper Fascia"

_____Yes_____

f. Patent No. D501,162 titled: "Front Bumper Fascia"

_____Yes_____

g. Patent No. D510,551 titled: "Hood"

_____Yes_____

COURT'S CHARGE – PAGE 10

h.   Patent No. D508,223 titled: "Fender"

_____Yes_____

i.   Patent No. D500,717 titled: "Sideview Mirror"

_____Yes_____

j.   Patent No. D539,448 titled: "Vehicle Taillamp"

_____Yes_____

k.   Patent No. D582,065 titled: "Headlamp"

_____Yes_____

l.   Patent No. D500,969 titled: "Rear Bumper Fascia"

_____Yes_____

m.   Patent No. D500,970 titled: "Rear Bumper Fascia"

_____Yes_____

INSTRUCTIONS FOR QUESTION NO. 2:

The Court has previously decided that New World infringed the patents-in-suit if those patents are not invalid.

Ford asserts that New World has willfully infringed Ford's design patents.

To show that New World's infringement was willful, Ford must prove by a preponderance of the evidence that New World knew of Ford's patent and intentionally infringed the patent. For example, you may consider whether New World's behavior was malicious, wanton, deliberate, consciously wrongful, flagrant, or in bad faith. However, you may not find that New World's infringement was willful merely because New World knew

about the patent, without more.  In determining whether Ford has proven that New World's infringement was willful, you must consider all of the circumstances and assess New World's knowledge at the time the challenged conduct occurred, including any good faith belief that the patent was invalid.

If you determine that any infringement was willful, you may not allow that decision to affect the amount of any damages award ~~you give~~ for infringement.  DCG

## DAMAGES

I will now instruct you on damages. If you do not find the design patents invalid, then you must determine the amount of damages to be awarded Ford for the alleged infringement. By instructing you on damages, I am not suggesting which party should win on any issue. These instructions are provided to guide you on the calculation of damages in the event you find infringement and do not find the design patents invalid, and thus must address the damages issue.

A plaintiff in a design patent case can elect to prove either actual damages, known as compensatory damages, or they may elect to prove the defendant's profits as its measure of potential recovery. In this case, Ford seeks to prove New World's profits.

Damages cannot be based on speculation, for it is only actual damages that are recoverable. Damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award damages for speculative harm, but only for those damages which the plaintiff has actually demonstrated.

Any doubts that you may have on the issue of damages due to New World's failure to keep proper records should be decided in favor of Ford. Any confusion or difficulties caused by New World's records also should be held against New World, not Ford.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff

prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

If your answer to Question No. 1 is "no" for any of the patents-in-suit, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 3:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ford for its damages, if any, that were caused by New World's infringement?

Consider the following element of damages, if any, and none other. Do not add any amount for interest on past damages, if any.

Answer in dollars and cents for damages, if any, for each design patent that you did not find to be invalid in Question No. 1:

1.     New World's profits from selling infringing parts

$493,057.00

INSTRUCTIONS FOR QUESTION NO. 3:

The date that Ford first notified New World of its claim for patent infringement is the date for the start of damages. The parties do not agree on that date, and it is up to you to determine what that date is. Ford must prove that it is more likely than not that New World actually was notified of the claim for patent infringement as of the date alleged by Ford.

Ford can give notice of its patents by notifying New World with a specific claim that the allegedly infringing product infringed an identified patent. This type of notice starts from the date New World received the notice. If you find that Ford, before filing this lawsuit, did not notify New World with a specific charge that the allegedly infringing product infringed,

COURT'S CHARGE – PAGE 15

then Ford can only recover damages for infringement that occurred after it sued New World on January 29, 2015.

In this case, Ford has elected to seek New World's profit. If you do not find the design patents are invalid, you are to award Ford New World's total profit attributable to the infringement. New World's "total profit" means the entire profit on the sale of the article of manufacture to which the patented designs are applied, or with which it is used and not just the portion of profit attributable to the design or ornamental aspects of the patent.

To identify the articles of manufacture, you should consider the following four factors:

1.     The scope of the design claimed in Ford's patents, including the drawing and written description;

2.     The relative prominence of the design within the product as a whole;

3.     Whether the design is conceptually distinct from the product as a whole; and

4.     The physical relationship between the patented design and the rest of the product, including whether the design pertains to a component that a user or seller can physically separate from the product as a whole, and whether the design is embodied in a component that is manufactured separately from the rest of the product, or if the component can be sold separately.

"Total profit" does not include profit attributable to other products that may be sold in association with an infringing article embodying the patented design. A design patent owner can recover the profit not only of the manufacturer or producer of an infringing article, but also of other sellers in the chain of distribution.

COURT'S CHARGE – PAGE 16

Ford is entitled to all profit earned by New World that is attributable to the infringement. Profit is determined by deducting certain expenses from gross revenue. Gross revenue is all of New World's receipts from using the design in the sale of the infringing products. Ford has the burden of proving New World's gross revenue by a preponderance of the evidence.

Expenses can include costs incurred in producing the gross revenue, such as the cost of the goods. Other costs may be included as deductible expenses if they are directly attributable to the sales of the infringing products resulting in a nexus between the infringing products and the expense. New World has the burden of proving the deductible expenses and the portion of the profit attributable to factors other than use of the infringed design by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the infringing product is attributable to factors other than use of the infringed design, you shall find that the total profit is attributable to the infringement.

## JURY DELIBERATIONS

It will shortly be your duty to deliberate and to consult with one another in an effort to reach a verdict. Your verdict must be unanimous. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case. Remember at all times, you are the judges of the facts.

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.

The fact that I have given you in this charge instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it.

Do not deliberate unless all members of the jury are present in the jury room. For example, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

During your deliberations I will honor any reasonable work schedule you may set and will honor your reasonable requests regarding how frequently you wish to recess and for how long.

After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case. If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

SIGNED this _16th_ day of November, 2018.

David C. Godbey
United States District Judge

COURT'S CHARGE – PAGE 19