IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FORD GLOBAL TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-3201-N |
| | § | |
| NEW WORLD INTERNATIONAL, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Ford Global Technologies, LLC's ("Ford") motions for attorneys' fees and costs, and for injunctive relief [350], [352], as well as Defendants' ("New World") motions for judgment as a matter of law and for new trial. The Court grants and denies the motions in part, as set forth below.

### I. ORIGINS OF THE DISPUTE

This case involves New World's copying of thirteen of Ford's design patents. The Court previously granted Ford's motion for summary judgment, finding infringement as a matter of law. The case was subsequently tried to a jury, who found willful infringement and awarded damages in the amount of $493,057.00 to Ford.

### II. THE COURT GRANTS IN PART FORD'S MOTION FOR ATTORNEYS' FEES

The Court grants Ford's motion for attorneys' fees and costs, but denies Ford's motion with respect to expert fees and any upward adjustment of the lodestar amount.

MEMORANDUM OPINION AND ORDER – PAGE 1

### A. Legal Standard

In exceptional cases, a district court may award reasonable attorneys' fees to the prevailing party. 35 U.S.C. § 285. Reasonable attorneys' fees include those expenses incurred in the preparation for and performances of legal services related to the case and nontaxable costs. *Maxwell v. Angel-Etts of Cal., Inc.*, 53 F. App'x 561, 569 (Fed. Cir. 2002). In addition, a district court has wide discretion whether to award costs under Federal Rule of Civil Procedure 54(d). *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471 (5th Cir. 2006). But if a district court does not award costs, it must state its reasons. *Id*.

An exceptional case "stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A case brought in subjective bad faith or that makes especially meritless claims is exceptional and warrants a fee award. *Id*. District courts determine whether a given case is exceptional on a case-by-case basis and in light of the totality of the circumstances. *Id*. Factors to be considered include frivolousness, motivation, and objective unreasonableness of a case's factual or legal components. *Id*. at 554 n.6. Litigants seeking fees must show the case is exceptional by a preponderance of the evidence. *Id*. at 557.

Section 285, however, does not authorize an award of expert fees. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 376 (Fed. Cir. 1994). Instead, a district court has inherent authority to impose sanctions in the form of reasonable expert fees in excess of what

is made available by statute. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012). Only where a court finds fraud or bad faith, whereby the "very temple of justice has been defiled," may the court use its inherent authority to impose sanctions. *Id*. (quoting *Amsted*, 23 F.3d at 378). Thus, not every case that qualifies as exceptional under Section 285 also warrants sanctions. *Id*.

### B. The Court Holds that This Case Is Exceptional

The Court holds that this case is exceptional and awards reasonable attorneys' fees to Ford. The jury found that New World willfully infringed all thirteen of Ford's design patents by digitally copying Ford's original equipment manufacturer ("OEM") parts and selling them. Further, the testimony of James Ma and Patricia Zimmerman, two former vice presidents at New World, showed that New World altered sales records to conceal its infringement. Ford's App. in Support of Mot. for Attys' Fees ("APX"), APX 137–38, 141–42 [354]. New World additionally produced inaccurate sales records during the course of discovery and misrepresented to Ford on multiple occasions that it would stop selling the copied parts. Finally, New World filed multiple excessive motions, including motions to dismiss, for clarification, and for reconsideration that unnecessarily prolonged litigation. Accordingly, the Court holds that this case is exceptional and grants Ford's motion with respect to attorneys' fees and costs.

### *C. The Court Denies Ford's Motion with Respect to Expert Fees*

New World's conduct does not, however, amount to fraud or abuse of the judicial process. The inherent power to sanction is typically reserved for egregious rather than simply inappropriate conduct. *Amsted*, 23 F.3d at 379. The Court does not find New World's conduct so egregious to warrant expert fees.

### *D. The Court Awards $2,108,672.50 in Attorneys' Fees to Ford*

Ford seeks a total of $2,108,672.50 in attorneys' fees incurred during the four-year period it spent litigating this case. Ford additionally requests that the Court increase the lodestar amount by $489,915.94 pursuant to the *Johnson* factors. After reviewing Ford's evidence, including invoices and billing records, as well as New World's objections, the Court awards Ford $2,108,672.50 in attorneys' fees, but denies Ford's request for an upward adjustment of the lodestar.

To determine a reasonable fee award, courts calculate a "lodestar" amount by multiplying a reasonable billing rate by the number of hours reasonably spent litigating the successful claim. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–52 (2010). This calculation, however, excludes hours spent on "excessive, redundant, or otherwise unnecessary work" and on nonprevailing claims unrelated to successful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). The Court may then increase or decrease the lodestar amount

based on the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[1]

Ford presented sufficient evidence that its counsel, Brooks Kushman P.C. and Forrest, Burg, & Smith, LLC (local counsel), spent a reasonable number of hours (5987) litigating this case over the past four years. APX 271–89 (Declaration of M Lorelli), APX 318–705 (billing invoices). Ford's billing rates are likewise reasonable because they are below the average prevailing hourly rates and are also all within the American Intellectual Property Law Association ("AIPLA") average rates. *In re Dahlgren Int'l, Inc.*, 811 F. Supp. 1182, 1185 (N.D. Tex. Oct. 29, 1992) (citing *Mathis v. Spears*, 857 F.2d 794, 755–56 (Fed. Cir. 1988)) (recognizing the AIPLA "as a valid source in assessing customary fee in patent cases"). New World complains only generally about Ford's calculation of attorneys' fees and does not point to any specific flaws in Ford's calculation or reference any specific time entries or invoices showing excessive or duplicative work. Ford additionally discounted almost 600 hours for time spent on clerical duties and for motions and submissions that were either not filed or for which Ford did not prevail. APX 284.

---

[1] The *Johnson* factors are: (1) the time and labor required to litigate the case; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) whether taking the case precluded the attorney from other employment; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards made in similar cases.

Ford also requests an upward adjustment of the lodestar to account for two separate declaratory judgment actions New World filed. The Court, however, does not find that the *Johnson* factors warrant an upward adjustment on this basis. Accordingly, the Court determines the lodestar to be $2,108,672.50.

### III. THE COURT GRANTS FORD'S MOTION FOR INJUNCTION

Ford seeks a permanent injunction against New World enjoining New World and related entities from continuing to willfully infringe eight (8) of Ford's design patents that are not expired and still effective. New World notes, however, that as of February 2019, only four of the patents in suit are still unexpired.[2] Ford additionally seeks New World's profits for sales related to the eight non-expired patents made between June 22, 2018 (the date of the expert reports) and the date of the permanent injunction. Additionally, Ford seeks New World's profits for sales related to the five remaining Ford design patents made between June 22, 2018 and the respective expiration date for each patent. Finally, Ford seeks pre and postjudgment interest. The Court grants Ford's motion, but modifies the permanent injunction to only include the four remaining unexpired patents.

#### A. *Legal Standard*

The Patent Act permits the Court to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. "According to well-established principles

---

[2] The four patents are: (1) D510,551 (Mustang Hood); (2) D508,223 (Mustang Fender); (3) D582,065 (Mustang Headlamp); and (4) D539,448 (Mustang Taillamp).

of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Moreover, "the decision to grant or deny injunctive relief is an act of equitable discretion" by the district court. *Id*.

### B. The Court Grants Ford's Motion for Permanent Injunction

***1. Ford Has Demonstrated Irreparable Injury*** — Ford and New World are direct competitors. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude."); *Trebro Mfg., Inc. v. Firefly Equip.*, LLC, 748 F.3d 1159, 1171 (Fed. Cir. 2014) ("[The parties] are direct competitors selling competing products in this market. Thus, the record shows a probability for irreparable harm."). New World's parts are digital copies of Ford's OEM parts, but are sold at a far lower price, which allows New World to undercut Ford's pricing by trading off Ford's work. Moreover, Ford had demonstrated that New World's aftermarket products are of inferior quality and that Ford's reputation is harmed when customers attribute the low quality of New World's products to Ford. New World's willful infringement has forced Ford to compete against its own innovative designs and against

products of lesser quality and price. The Court holds that Ford has demonstrated irreparable injury.

2. ***Money Damages are Inadequate*** — While money damages may be adequate for New World's past infringement, it is no so for future infringement. *Visto Corp. v. Seven Networks, Inc.*, 2006 WL 3741891, at *4 (E.D. Tex. Dec. 19, 2006). The record supports a continued threat of infringement by New World, as well as a willingness to alter sales records. Under the facts of this case, an injunction against continued use of Ford's products is the only proper remedy to prevent future infringement .

3. ***The Balance of Hardships Favors Ford*** — The Court agrees with Ford that if an injunction is not entered Ford will suffer loss of sales, reputational harm, and the loss of the right to exclude. Conversely, the injunction would only require New World to cease infringing sales for a limited time period, as required by law.

4. ***The Public Interest Is Best Served by Issuing Injunctive Relief*** — The Court agrees that the public interest will be served by issuing an injunction. Patent laws promote progress by incentivizing inventors through the right of exclusion. And enjoining the sale of the infringing products would not pose any threat to the public safety.

### C. The Court Grants Ford's Request for Recovery of Profits and Pre and Postjudgment Interest

Ford seeks an additional $41,721.60 in profits New World made on infringing sales after June 22, 2018 through entry of the permanent injunction. This amount is consistent with the jury's adoption of Ryan Lamotta's forecast of infringing sales, and New World does

not specifically challenge this sum. Accordingly, the Court awards Ford an additional $41,721.60.

The Court additionally grants Ford's request for pre and postjudgment interest. New World argues that prejudgment interest is unavailable. The Court disagrees. Ford requests prejudgment interest pursuant to 35 U.S.C. § 284, which permits the Court to award the claimant damages, together with "interest and costs as fixed by the court." New World does not specifically challenge Ford's request for postjudgment interest, other than to generally assert that New World believes Ford is not entitled to judgment at all. The Court therefore grants Ford's motion for pre and postjudgment interest.

### IV. THE COURT DENIES NEW WORLD'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW AND FOR NEW TRIAL

The Court denies New World's motions for judgment as a matter of law and for new trial. The Court rejects New World's arguments and holds that there is sufficient evidence to support the jury verdict.

### CONCLUSION

The Court grants Ford's motion for attorneys' fees in the amount of $2,108,672.50, but denies its request for expert fees and an upward judgment of the lodestar. The Court grants Ford's motion for injunction, but only with respect to the four remaining unexpired patents. The Court likewise grants Ford's requests for additional recovery of profits and pre and postjudgment interest. The Court also notes that the parties stipulated to an agreed

prejudgment interest amount of $75,000.00. Finally, the Court denies New World's motions for judgment as a matter of law and for new trial.

Signed April 9, 2019.

_____
David C. Godbey
United States District Judge