IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FORD GLOBAL TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-3201-N |
| | § | |
| NEW WORLD INTERNATIONAL INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiff Ford Global Technologies, LLC's ("Ford") motion for attorneys' fees [424] and Defendants' ("New World") motion to strike [432] and motion for leave to file surreply [438]. Because the Court determines that Ford will not suffer prejudice, the Court grants New World's motion for leave. For the following reasons, the Court awards Ford attorneys' fees of $395,692 and denies New World's motion to strike.

### I. ORIGINS OF THE DISPUTE

In 2015, Ford sued New World for patent infringement of thirteen design patents. The Court granted Ford's motion for summary judgment, finding infringement as a matter of law. A jury subsequently found that New World willfully infringed all thirteen of Ford's design patents and awarded damages in the amount of $493,057 to Ford. Over the course of litigation, New World engaged in substantial and excessive motions practice. Accordingly, the Court held that this case was exceptional and awarded attorneys' fees to Ford. *See* Mem. Op. and Order [383].

ORDER – PAGE 1

After the Court entered final judgment and granted attorneys' fees, Defendants appealed to the Federal Circuit, alleging fifteen reversible errors and abuses of discretion. The Federal Circuit affirmed without written opinion. *See* J. [417]. Ford now seeks an additional $395,692 in attorneys' fees for work performed after the Court's prior award of attorneys' fees.[1]

## II. LEGAL STANDARD FOR ATTORNEYS' FEES

The Patent Act provides that, in exceptional cases, a district court may award reasonable attorneys' fees to the prevailing party. 35 U.S.C. § 285. Reasonable attorneys' fees include those expenses incurred in the preparation for and performances of legal services related to the case and nontaxable costs. *Maxwell v. Angel-Etts of Cal., Inc.*, 53 F. App'x 561, 569 (Fed. Cir. 2002). In addition, a district court has wide discretion whether to award costs under Federal Rule of Civil Procedure 54(d). *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471 (5th Cir. 2006). But if a district court does not award costs, it must state its reasons. *Id.*

An exceptional case "stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A case brought in subjective bad faith or that makes especially meritless claims is exceptional and warrants a fee award. *Id.* District courts determine whether a given case is exceptional on a case-by-case basis and

---

[1] These fees include $133,130 for post-trial response briefings, $62,319 for post-judgment issues, and $200,243 for Defendants' appeal.

in light of the totality of the circumstances. *Id.* Factors to be considered include frivolousness, motivation, and objective unreasonableness of a case's factual or legal components. *Id.* at 554 n.6. Litigants seeking fees must show the case is exceptional by a preponderance of the evidence. *Id.* at 557.

### III. THE COURT GRANTS FORD'S MOTION FOR ATTORNEYS' FEES AND DENIES NEW WORLD'S MOTION TO STRIKE

New World argues that Ford's motion for attorneys' fees is untimely under Federal Rule of Civil Procedure 54. The Court disagrees. Federal Rule of Civil Procedure 54(2)(B) states that "[u]nless a statute or *a court order provides otherwise*, the motion must . . . be filed no later than 14 days after the entry of judgment. FED. R. CIV. P. 54(2)(B) (emphasis added). Here, the Court expressly granted Ford two extensions of time to seek recovery of additional attorneys' fees incurred after the Court's Final Judgment. New World agreed to both extensions. *See* Agreed Mots. [418], [420]. New World argues that it agreed only that Ford *contends* that the deadline for filing a motion for additional attorneys' fees is undefined. The Court is not persuaded. The agreed motions are unambiguous and request that the Court grant Ford extensions of time "to file a motion seeking to recover additional attorneys' fees incurred after the Court's Final Judgment of April 9, 2019." Mot. at 2 [420].

New World argues that Ford's motion remains untimely, citing an unpublished Fifth Circuit opinion that held "that a district court abused its discretion in awarding appellate attorneys' fees to a party that failed to request such fees in its initial fee motions in the district court or on appeal." *ATEL Mar. Inv'rs , LP v. Sea Mar Mgmt., LLC*, No. 08-1700, 2015 WL 423308, at *3 (E.D. La. Feb. 2, 2015) (citing *Tex. Soil Recycling, Inc. v.*

ORDER – PAGE 3

*Intercargo Ins. Co.*, 73 F. App'x 78 (5th Cir.2003) (unpublished)). Here, Ford's initial fee motion indicated that Ford would supplement "to include fees expended on post-trial briefings and/or any appeals filed by New World." Br. in Supp. Of Pl.'s Mot. at 22 [351]. Although Ford did not estimate the cost of appellate fees, New World had, to date, engaged in excessive litigation practices that could easily balloon the cost of any estimated fees. Ford's failure to estimate fees is reasonable considering the excessive litigation in this case. Thus, this case is distinguishable from the cases that New World cites.

Moreover, other courts have found that "[s]upplemental attorney petitions may be considered by a court when filed within a reasonable period of time, with consideration given to when the amount of supplemental fees becomes known or when the case is completed in its entirety." *Smith v. Bd. of Trustees of Univ. of Fla.*, No. 1:04CV106-SPM/AK, 2008 WL 5381506, at *1 (N.D. Fla. Dec. 18, 2008) (citing *Taylor v. USF-Red Star Express, Inc.*, 212 F. App'x 101, 112 (3d Cir. 2006)). The Court agrees. This standard "preserves the right for the Court to deny a claim if it is inexcusably delayed but avoids unjustifiably imposing the hard deadline of Rule 54 to this supplemental, appellate fee demand." *Zoroastrian Center and Darb-E-Mehr of Metro. Washington, D.C. v. Rustam*, 245 F. Supp. 3d 742, 754 (E.D. Va. 2017). Applying the standard in *Smith* to this case, the Court determines that Ford's motion was timely. On June 22, 2020, the Federal Circuit affirmed the Court's judgment. Nine days later, Ford filed an agreed motion extending the deadline to recover additional attorneys' fees. Due to settlement negotiations, the parties agreed to a further extension of time. Ford then filed this motion for additional attorneys'

fees within that time. Accordingly, the Court determines that Ford's motion is timely and denies New World's motion to strike.

New World also argues that attorneys' fees should not be awarded because its arguments post-trial and on appeal were reasonable and supported. Because the Federal Circuit's affirmance under Rule 56 does not speak to the strength of New World's arguments, New World sought to explain the substantive merits of its position in its response and surreply. New World is correct in stating that the Federal Circuit's Rule 56 affirmance alone does not justify attorneys' fees. However, this Court determined this case to be exceptional due to the unreasonable manner in which this case was litigated. In its prior order, the Court did not address the merits of New World's position, but rather looked to New World's production of inaccurate sales records during discovery, misrepresentations to Ford, and excessive motions practice. While the Court did not find that New World's conduct amounted to fraud or abuse of the judicial process, the Court determined the case to be exceptional and awarded Ford $2,108,672.50 in attorneys' fees. This amount, though considerable, was a result of the nearly six-thousand hours spent litigating this case, due in large part to New World's excessive filings.

In *Dippin' Dots, Inc. v. Mosey*, the court held that "only one threshold determination that this case is exceptional is necessary to establish . . . eligibility for attorney fees." 602 F. Supp. 2d 777, 784 (N.D. Tex. 2009). New World argues that *Dippin' Dots* was wrongly decided and that this Court should treat the trial and appellate stages differently. In *Dippin' Dots*, the court analogized the case to *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), where the Supreme Court rejected the argument that attorney fees had to be separately

ORDER – PAGE 5

justified for each phase of a case under the Equal Access to Justice Act. The Court agrees with the well-reasoned decision in *Dippin' Dots*. "[T]he Patent Act refers to 'exceptional cases,' without reference to separate parts of the litigation, such as discovery requests, fees, or appeals." *Dippin' Dots, Inc.*, 602 F. Supp. 2d at 784; *see also* 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). "Therefore, only one threshold determination that this case is exceptional is necessary to establish [Ford's] eligibility for attorney fees." *Dippin' Dots, Inc.*, 602 F. Supp. 2d at 784. Later opinions by the Federal Circuit support this decision. *See, e.g.*, *Therasense, Inc. v. Becton, Dickinson and Co.*, 745 F.3d 513, 516 (Fed. Cir. 2014) (citing *Jean* for the proposition that "a case should be viewed more as an 'inclusive whole' rather than as a piecemeal process when analyzing fee-shifting under § 285.").[2]

Because the Court has already determined this case to be exceptional, the Court now turns to the reasonableness of the fee requested by Ford. To determine a reasonable fee award, courts calculate a "lodestar" amount by multiplying a reasonable billing rate by the number of hours reasonably spent litigating the successful claim. *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988). The lodestar amount is presumptively reasonable and should be modified only in unusual circumstances. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Here, Ford does not seek an upward adjustment of the lodestar amount.

---

[2] Even if the Court were required to consider the appeal separately, the Court notes that New World's extensive appeal mirrors its excessive litigation at the trial court level. On appeal, New World alleged fifteen reversible errors and abuses of discretion.

ORDER – PAGE 6

Ford requests that the Court award Ford additional attorneys' fees of $395,692 to address post-trial, post-judgment, and appellate work in this case. In total, Ford expended 864.4 hours over eighteen months. The hours expended in this case include 367.8 hours for post-trial, 138.4 hours for post-judgment, and 358.2 hours for appellate work. The Court determines that the hours expended by Ford's attorneys are reasonable for a patent infringement case involving thirteen patents. Moreover, Ford demonstrated proper billing judgment in omitting hours spent from its invoices. *See, e.g.*, Pl.s' App. at 232 [423-3]. Because this case involved multiple law firms, the billing rates vary. Nonetheless, the Court has already determined that the range of hourly rates is reasonable and largely within the average rates for patent cases. Accordingly, the Court grants Ford's motion and awards Ford additional attorneys' fees of $395,692.

## CONCLUSION

The Court determines that Ford's motion is timely and reasonable. Accordingly, the Court denies New World's motion to strike and grants Ford's motion for additional attorneys' fees. The Court awards Ford attorneys' fees of $395,692.

Signed February 19, 2021.

_____
David C. Godbey
United States District Judge