UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FORD GLOBAL TECHNOLOGIES, LLC,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NEW WORLD INTERNATIONAL, INC.,<br>AUTO LIGHTHOUSE PLUS, LLC and<br>UNITED COMMERCE CENTERS, INC.,<br>　　　　　　　　Defendants. | §<br>§<br>§<br>§<br>§　Case No.: 3:17-cv-03201-N<br>§<br>§<br>§<br>§ |

**DEFENDANTS' SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ADDITIONAL ATTORNEY FEES**

Defendants file this Surreply to Plaintiff's Reply in support of Plaintiff's motion for additional attorney fees, respectfully showing as follows:

1.　　Left-Side, Right-Side Non-Infringement Argument

Regarding the non-infringement argument that a right-side part does not infringe a left-side patent, Ford Global Technologies, LLC (FGTL) presents new evidence and argument and states "New World again presented an expert that testified directly contrary to its positions. (Dkt. #354, Apx. 186-187: 'the left-hand side and the right-hand side are the same design.')."  (Dkt. #436, p. 6).  As it has done previously in this litigation, FGTL takes a question and answer from Defendants' expert completely out of context.

When the surrounding testimony is considered, it is clear that the expert testified that in the case being discussed, the designs were not the same (Dkt. #354, Apx. 186, lines 19-22: "Q. It is the same design, Correct?  A. Yes. Not in this case, though.").  Further, the expert testified that the left-side and right-side were *symmetrical* (Dkt. #354, Apx. 185, line 25 – 186, line 3 "Q. And automotive designers, those skilled in the art, know that the left-hand side is going to be the same as the right-hand side in the ultimate product? A. Right. Symmetrical, yes.") and a *mirror image*

1

of each other. (Dkt. #354, Apx. 186, lines 17-18; Apx. 187, lines 10-12 "Q. They are mirror images of one another? A. That's correct."; "Q. The same is true for the taillight. The left-hand side taillight is the same as right-hand side taillamp. A. They mirror each other."). (Excerpts being filed in support of this Surreply as Apx. 185-187).

Since the ordinary observer test continues though use, *see Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002), an ordinary observer will know that a right-side mirror image of a left-side design is not substantially the same as the left-side design because a left-side part will not be able to be installed on the right side of the vehicle, or if it is, it will not look the same as the original right side part. Therefore, Defendants' non-infringement arguments in that regard were and are reasonable.

2.  Right of Repair and Functionality

FGTL makes a new argument concerning Defendants' arguments related to right of repair and functionality. (Dkt. #436, p. 8). FGTL argues these issues were decided in *Automotive Body Parts Association v. Ford Global Technologies, LLC*, 930 F.3d 1314 (Fed. Cir. 2019), that Defendants "summarily stated that there should be a fact question in this case even though it never presented any factual arguments in either case," and "the Federal Circuit rejected those baseless arguments attempting to change the prior Federal Circuit decision." (Dkt. 436, p. 8). These new arguments are incorrect.

As explained in detail in Defendant's briefing (Dkt. #423-3 Apx. 180-182; 76-83), Defendants' arguments were not addressed or decided in the *ABPA* case. Indeed, Defendants' argument concerning right of repair pointed out a serious flaw in the *ABPA's* new claiming test for determining article of manufacture in a right of repair analysis. The flaw is that the claiming test is unworkable for determining article of manufacture when portions of multiple components

are claimed.  (Dkt. #423-3 Apx. 76-78; 182; 204-210).  The flaw is explained in detail regarding the '065 Patent in suit.

On functionality, Defendants' argument that fact issues exist concerning whether the patented designs are the "best designs" was not made in the *ABPA* case.  (Dkt. #423-3 Apx. 180-182; 80-83).  Indeed, the "best design" argument *was made possible in this case* because in *ABPA* the Federal Circuit made clear the "alternative designs" factor is not dispositive, and that other factors can be considered without first beginning with the "alternative designs" issue as previously required by *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.,* 796 F.3d 1312, 1329,1330 (Fed. Cir. 2015).  Finally, Defendants second argument that the subject designs are invalid when *Best Lock* is understood in terms of complementary functionality and the resulting lack of a conscious design choice was neither addressed nor rejected in *ABPA*. (Dkt. #423-3 Apx. 181). Defendants' arguments regarding right of repair and functionality were and are reasonable.

3.  Actual Notice

Regarding actual notice, FGTL makes the new argument that "[t]aking positions contrary to your own witnesses and experts is frivolous."  The problem with FGTL's argument is that it focuses on the knowledge and understanding of Defendants and their expert.  Federal Circuit case law is clear that the actual notice inquiry must focus on the action of FGTL.  *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("It is irrelevant … whether the defendant knew of the patent or knew of his own [alleged] infringement."). "The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the [alleged] infringer." *Id.*  Defendants arguments concerning lack of actual notice were and are reasonable.

Dated: October 30, 2020

Respectfully submitted,

/s/ Robert G. Oake, Jr.
Robert G. Oake, Jr.
OAKE LAW OFFICE, PLLC
700 S. Central Expy., Suite 400
Allen, TX 75013
(214) 207-9066
Email: rgo@oake.com

Robert Maris
3710 Rawlins Street, Suite 1550
Dallas, TX 75219
(214) 706-0920
Email: RMaris@gpm-law.com

Attorneys for Defendants

## CERTIFICATE OF CONFERENCE

I certify that on October 30, 2020 I conferred via email with opposing counsel Marc Lorelli asking whether this motion for leave to file a Surreply was opposed and Mr. Lorelli indicated that it was opposed.

/s/ Robert G. Oake, Jr.
Robert G. Oake, Jr.
Attorney for Defendants

## CERTIFICATE OF SERVICE

On October 30, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Robert G. Oake, Jr.
Robert G. Oake, Jr.
Attorney for Defendants